COMMONWEALTH *vs.* JOSEPH HOMSEY. August 15, 1978. Homsey appeals from his convictions in a jury waived trial as an accessory after the fact to robbery armed and masked, to armed assault with intent to murder, and to assault and battery with a dangerous weapon. He attacks the judge's denial of his motion for a directed finding, claiming there was insufficient evidence to support a finding that he aided the principal felon (Wightman) with intent that Wightman should avoid arrest. Homsey's intent was not susceptible of proof by direct testimo-

ny; and resort was necessarily had to proof by inference from all the facts and circumstances developed at the trial. *Commonwealth* v. *Holiday*, 349 Mass. 126, 128-129 (1965). Homsey could have been found guilty beyond a reasonable doubt even though the inferences from the facts established were not inescapable or necessary. *Commonwealth* v. *O'Brien*, 305 Mass. 393, 400-401 (1940). From the evidence the judge could have found that the defendant had sold an automobile to Wightman, who bought it for use in connection with the robbery under the name "McLaughlin" and that after the robbery the defendant had lied to the police in telling them that Wightman and "McLaughlin" were not the same person. There was further evidence that the defendant had also, on several occasions, chauffeured Wightman to and from his hideout in the defendant's car. In view of the defendant's knowledge that Wightman was a fugitive, the judge could have found that the defendant's false statements were made to aid Wightman in avoiding apprehension and that the defendant's use of his own automobile to drive Wightman was for the same purpose. *Commonwealth* v. *Wood*, 302 Mass. 265, 269-271 (1939). *Commonwealth* v. *Holiday*, *supra* at 129. Compare *Commonwealth* v. *Kelly*, 1 Mass. App. Ct. 441, 449 (1973). The fact that Homsey may have lied about Wightman's alias in order to protect himself is not inconsistent with a finding that he also intended thereby to aid Wightman. See *Commonwealth* v. *Doherty*, 353 Mass. 197, 205 (1967), cert. denied, 390 U.S. 982 (1968).

                                                   *Judgments affirmed.*

    *Jack I. Zalkind* for the defendant.
    *Thomas J. Mundy, Jr.*, Assistant District Attorney (*Dennis J. Curran*, Assistant District Attorney, with him) for the Commonwealth.