COMMONWEALTH *vs.* ROBERT MCQUADE. September 18, 1980. The judge did not err in denying the defendant's motion for a directed verdict in his favor on the charge of being an accessory after the fact (G. L. c. 274, § 4) to a bank robbery. There was evidence that the defendant was a front-seat passenger in a car that stopped at the bank at 2:35 P.M., thirty-five minutes before the robbery; that the car was driven by a man; that the defendant and a woman who was the passenger in the rear seat had a conversation, after which the woman entered the bank and changed a twenty-dollar bill; that the same car, driven this time by a woman, returned to the bank and a man, Heath, entered and robbed the bank at gunpoint at 3:10 P.M.; that minutes after the getaway the same car was discovered by the police parked near an apartment house; that inquiries led the police to an apartment, the door to which was opened by the same woman who had changed the twenty-dollar bill; that the police found Heath and the defendant in a bedroom of the apartment; that the defendant stated to the police that he and Heath had not left the apartment all afternoon; that the loot (which contained marked money) and a gun were

under the bed; and that the woman and the defendant were tenants of the apartment. From that evidence the jury could properly draw an inference that the defendant knew that Heath had robbed the bank (compare *Commonwealth* v. *Holiday,* 349 Mass. 126, 128 [1965]; contrast *Commonwealth* v. *Devlin,* 366 Mass. 132, 135-136 [1974]) and that the defendant lied to the police for the purpose of helping Heath to escape arrest and punishment. Compare *Commonwealth* v. *Wood,* 302 Mass. 265, 270-271 (1939); *Commonwealth* v. *Holiday, supra* at 129; *Commonwealth* v. *Homsey,* 6 Mass. App. Ct. 913 (1978).

*Judgment affirmed.*

*David A. Robinson* for the defendant.
*John T. McDonough,* Assistant District Attorney, for the Commonwealth.